<hr/>

### ZACHARIE *vs.* BUCKMAN ET AL.

8L 305
50 1125

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The action of the creditor to avoid the contracts of his debtor, made in fraud of his rights in cases of insolvency, is prescribed in one year from the date of his judgment.

Where the evidence shows, that the sale by the debtor to a creditor was made for the purpose of protecting the property against the pursuits of other creditors, the debtor being insolvent at the time, any one, or all of the other creditors have an action to annul the sale, as made in fraud of their rights.

But, where one creditor takes a mortgage on the property of his debtor on the eve of insolvency, it will be binding as against the other creditors, unless the knowledge of the debtor's insolvency at the time is brought home to the mortgage creditor.

This is an action to annul a sale made by the debtor to a creditor on the eve of bankruptcy, in fraud of the legal

EASTERN DIST.  claims and rights of the plaintiff, who is also a creditor.
*May*, 1835.  The plaintiff shows, that on the 8th of March, 1834, he
ZACHARIE  obtained a judgment against one James Tanner for the sum of
*vs*.
BUCKMAN ET AL.  four thousand four hundred and twenty-seven dollars, twenty
cents; and he further alleges, that at the time Tanner
became indebted to him, he was the owner of two lots in the
faubourg Lafayette, and being in embarrassed circumstances
transferred them to one Geo. W. Woodman with a view to
protect them from his creditors; and that said sale was
simulated and made in fraud of his rights, the consideration
money stated therein never being paid; that Woodman and
wife are both dead, but have left two minor children under
the protection of, and represented by Henry Buckman, their
tutor. He prays that the tutor be cited, that the sale be
annulled, and that the property be declared subject to his
judgment against Tanner.

The defendant Buckman answered and averred, that the
action was prescribed, and that the plaintiff was not a creditor
of Tanner at the date of the sale of these lots to Woodman,
on the 22d May, 1829; and he denies that the sale was in
fraud of the plaintiff's rights, and that the minors of
Woodman are the *bonâ fide* owners of said property.

The sale sought to be annulled, was made by authentic
act and dated the 22d May, 1829. Tanner took a
counter-letter from Woodman in which the latter bound
himself to re-convey the premises, on or before the 22d May,
in 1833, in case the former paid him one thousand five
hundred and sixty-six dollars in cash, and delivered up his
note for the balance within that time. The note was soon
after the sale, surrendered in part performance of the condition
on the part of Tanner, but nothing more paid.

The plaintiff obtained judgment against Tanner for the
amount of his demand on the 8th of March, 1834, and
this suit was commenced the 8th of May following.

The district judge, being satisfied that the evidence
supported the plaintiff's allegations, rendered judgment
annulling the sale and subjecting the property to the
plaintiff's judgment against Tanner, reserving one thousand

two hundred dollars of the proceeds to the minors of Woodman. The defendant appealed.

*Strawbridge*, for the plaintiff.

*Preston*, for the defendant and appellant contended, that the counter-letter, taken in connexion with the bill of sale, shows that Tanner made a *bonâ fide* sale, with the power of redemption to the late Geo. W. Woodman. The sale was made the 22d May, 1829, and was redeemable at any time before the 22d May, 1833.

2. Tanner having failed entirely to redeem the lots by paying the sum of one thousand five hundred and sixty-six dollars, within the time agreed on, the sale became absolute, and neither Tanner, and much less his creditors, can annul it and receive back the property. *Louisiana Code, articles* 2545, 2548, 2563. 4 *Louisiana Reports*, 142.

3. This action is prescribed by law. *Louisiana Code, articles* 1973, 1982, 1987.

4. Woodman gave Tanner the full value of the property in paying him the one thousand five hundred and sixty-six dollars. The evidence shows, that four years afterwards, at the appraisement of Woodman's estate, these lots, with all the improvements he had put on them, together with the increase in the value of property, were only valued at two thousand dollars.

5. The parole evidence shows, that the lots were to be forfeited to Woodman, if not redeemed within the specified time.

6. The fact of Tanner giving up the counter-letter or bond, proves that he waived *his right-of redemption*. His account of doing so after Woodman's death, as related by one of the witnesses, is no evidence against Woodman's heirs. The testimony is illegal and was excepted to.

7. There is an error in the judgment in not allowing Woodman's heirs one thousand five hundred and sixty-six dollars, the sum their ancestor actually paid, instead of only one thousand two hundred dollars.

EASTERN DIST.
May, 1835.

ZACHARIE
vs.
BUCKMAN ET AL.

*Bullard, J.,* delivered the opinion of the court.

In this case the plaintiff sues to annul a sale and conveyance of certain lots of ground, made by his debtor to the ancestor of the defendants, on the ground of simulation and fraud.

The defendants plead: 1st. Prescription; 2d. That the plaintiff was not the creditor of the vendor, previously to the sale in question; and 3d. That they are the *bonâ fide* owners of the lots. Judgment being rendered in favor of the plaintiff, the defendants appealed.

The action of the creditor to avoid the contracts of his debtor, made in fraud of his rights in cases of insolvency, is prescribed in one year from the date of his judgment.

The evidence appears to us satisfactory, that Tanner the vendor, was at the time of the conveyance, a debtor to the plaintiff to a considerable amount, for which debt judgment has since been recovered, shortly before the commencement of this action. The prescription in such cases runs from the date of the judgment recovered against the debtor, and that plea cannot in this case avail the defendant. *Louisiana Code*, 1989.

Where the evidence shows that the sale by the debtor to a creditor, was made for the purpose of protecting the property against the pursuit of other creditors, the debtor being insolvent at the time, any one or all of the other creditors have an action to annul the sale, as made in fraud of their rights.

It is shown that Woodman, the purchaser, was a creditor of Tanner, and that this sale was made for the purpose of protecting the property against the pursuits of other creditors, Tanner being at the time insolvent, and at the same time to secure to Woodman the debt due him. *A counter-letter was executed at the time of the sale, which was produced on the trial of this case, and from which it would appear, that Woodman bound himself to re-convey the property, on Tanner's paying him on or before the 22d May, 1833, the sum of one thousand five hundred and sixty-six dollars, and delivering up to him his note for the balance of the apparent price of the property.* Two or three days afterwards the note was given up to Woodman, as appears by an acknowledgment on the counter-letter.

It is contended by the counsel for the defendants, that this counter-letter, taken in connexion with the conveyance, constitutes a real sale, with a clause of *réméré* or right of redemption, within the period limited by the *contract*, and that the right not having been exercised within that time, can no longer avail the vendor, and that the title has become irrevocably vested in Woodman. It appears to us that the

counter-letter shows, even as between the parties themselves,
that the pretended sale was a simulation; and we are
now asked to give it effect against third persons and
creditors, to establish the reality of the sale, although the
immediate surrender of the note, in part performance of
the condition on the part of Tanner, shows a continuance of
the same fiction.    The real nature and character of the
contract, appears to us to have been, to secure to Woodman
the debt due to him by Tanner. If he had taken a mortgage
on the lots for the security of his debt, the transaction might
have been perfectly legal, and binding on the plaintiff as         But where one
creditor takes a
a creditor, unless the knowledge of Tanner's insolvency was   mortgage on the
brought home to Woodman.    To this extent the judgment       property of his
                                                              debtor, on the
of the District Court gives effect to the contract, by decreeing   eve of insolven-
                                                              cy, it will be
that the representatives of Woodman shall retain out of       binding as a-
                                                              gainst the other
the proceeds the amount due him, according to article 1978,   creditors, unless
of the Louisiana Code.    We do not think it necessary to     the knowledge of
                                                              the debtor's in-
examine the bills of exception in the record, because, inde-   solvency at the
                                                              time, is brought
pendently of the evidence excepted to, it appears to us there  home to the
is sufficient in the record to sustain the judgment of the    mortgage credi-
                                                              tor.
District Court.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.